**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

TAMRA SWANSON,

      Plaintiff,

v.

MEDICREDIT, INC., a Missouri corporation,

      Defendant.

**COMPLAINT AND JURY DEMAND**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

**PARTIES**

7. Plaintiff Tamra Swanson is a natural person.

8. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Medicredit, Inc. is a Missouri corporation operating from an address at 3620 I-70 Drive SE, Suite C, Columbia, Missouri, 65201.

12. The Defendant's registered agent in the state of Colorado is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2012 the Plaintiff allegedly incurred financial obligations that were primarily for personal, family and household purposes namely amounts due and owing on personal accounts owed to Littleton Adventist Hospital and Porter Adventist Hospital (hereinafter referred to as the "Accounts").

19. The Accounts each constitute a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Accounts went into default with Littleton Adventist Hospital and Porter Adventist Hospital.

21. After the Accounts went into default the Accounts were placed or otherwise transferred to the Defendant for collection.

22. The Accounts were placed or otherwise transferred to the Defendant for collection.

23. The Plaintiff disputes the Accounts.

24. The Plaintiff requests that the Defendant cease all further communication on the Accounts.

25. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s).

27. In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Accounts.

28. In March 2013 the Plaintiff had a telephone conversation regarding the Accounts with the Defendant via its employee(s).

29. During the telephone conversation in March 2013 between the Defendant and the Plaintiff regarding the Accounts the Defendant via its employee located the Accounts and informed the Plaintiff that the Defendant had the Plaintiff's Littleton Adventist Hospital account with a balance of $200.00 and the Plaintiff's Porter Adventist Hospital account with a balance of $137.04.

30. During the telephone conversation in March 2013 between the Defendant and the Plaintiff regarding the Accounts the Defendant represented to the Plaintiff that the Accounts will stay on the credit bureau reports until they are paid.

31. The Defendant's representation stated in paragraph 30 was false and was a false representation in connection with the collection of a debt, the Accounts.

32. During the telephone conversation in March 2013 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff disputed the Accounts.

33. During the telephone conversation in March 2013 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff notified the Defendant that the Accounts were disputed.

34. The Defendant was aware that the Accounts were disputed in March 2013.

35. Prior to April 2013 the Defendant was aware that the Accounts were disputed.

36. Prior April 2013 the Defendant was informed that the Accounts were disputed.

37. Prior April 2013 the Defendant was aware that in March 2013 the Plaintiff disputed the Accounts.

38. Prior April 2013 the Defendant was aware that in March 2013 the Plaintiff notified the Defendant that the Accounts were disputed.

39. After March 2013 the Defendant communicated information regarding the Accounts to the credit reporting agencies - Transunion, Experian and/or Equifax without communicating that the Accounts were disputed.

40. After March 2013 the Defendant communicated information regarding the Accounts to Experian, Equifax and/or Transunion, credit reporting agencies.

41. After March 2013 the Defendant communicated to Experian, Equifax and/or Transunion the balances on the Accounts.

42. After March 2013 the Defendant communicated to Experian, Equifax and/or Transunion the original creditors on the Accounts.

43. After March 2013 the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Accounts were disputed.

44. After March 2013 the Defendant did not communicate to Experian, Equifax and/or Transunion that the Accounts were disputed.

45. The information communicated after March 2013 to Experian, Equifax and/or Transunion by the Defendant regarding the Accounts conveyed information regarding the Accounts directly or indirectly to Experian, Equifax and/or Transunion.

46. The information communicated after March 2013 to Experian, Equifax and/or Transunion by the Defendant regarding the Accounts constituted a "communication" as defined by FDCPA § 1692a(2).

47. The only reason that the Defendant communicated the information regarding the Accounts after March 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Accounts.

48. After March 2013 the Defendant communicated information regarding the Accounts to the credit reporting agencies - Transunion, Experian and/or Equifax without communicating that the Accounts were disputed.

49. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian.

50. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

51. Upon information and belief in 2013 the Defendant reported information to Experian on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

52. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect to Equifax.

53. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

54. Upon information and belief in 2013 the Defendant reported information to Equifax on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

55. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect to Transunion.

56. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

57. Upon information and belief in 2013 the Defendant reported information to Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

58. The telephone conversation(s) in March 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

59. The telephone conversation(s) in March 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

60. On information and belief the Defendant made a audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff in March 2013.

61. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in March 2013.

62. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

63. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

64. On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

65. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

66. On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

67. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and Transunion on the Accounts.

68. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and Transunion on the Accounts in March 2013

69. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and Transunion on the Accounts prior to March 2013.

70. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information

      that it provided to Experian, Equifax and Transunion on the Accounts after March 2013.

71. The Defendant did not communicate to Experian, Equifax and/or Transunion that the Accounts are disputed on or before June 18, 2013.

72. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

73. The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

74. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

75. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

76. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796

      F.Supp.2d 1301, 1304 (D.Colo. 2011).

77. As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## **COUNT I, FDCPA VIOLATION**

78. The previous paragraphs are incorporated into this Count as if set forth in full.

79. The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

80. Pursuant to FDCPA § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. A judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    _s/ David M. Larson_____
    David M. Larson, Esq.
    88 Inverness Circle East, Suite I-101
    Englewood, CO 80112
    (303) 799-6895
    Attorney for the Plaintiff